IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN GONZALES, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:17-cv-1614 |
| | ) | |
| WEBER MARKING SYSTEMS, INC., and | ) | |
| WEBER PACKAGING SOLUTIONS, INC. | ) | Judge: |
| | ) | |
| Defendant. | ) | Magistrate Judge: |

## COMPLAINT

Plaintiff, JOHN GONZALES, states as follows as his Complaint against WEBER MARKING SYSTEMS, INC. and WEBER PACKAGING SOLUTIONS, INC.:

### Nature of the Action

1. Plaintiff brings this Complaint for violations of The Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, *et seq.* ("ADEA"), in that he was discriminated against on the basis of his age and was the victim of retaliation and violations of the Illinois Whistleblower Act, as amended, 740 ILCS 174/1, *et seq.* ("Whistleblower Act") in that he was terminated for refusing to engage in age discrimiation against those employees he supervised.

### Parties

2. John Gonzales ("Gonzales") resides in Illinois and is a resident and citizen of the State of Illinois.

3. Weber Marking Systems, Inc. is the active assumed name for Weber Packaging Solutions, Inc. ("Weber") and is an Illinois corporation with its principal place of business located at 711 West Algonquin Road, Arlington Heights, Illinois 60005.

## Jurisdiction and Venue

4.  Venue is proper in this Judicial District as all of the events arising out this cause arose in this Judicial District.

5.  Subject matter jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C. §1343(A)(3), and 29 U.S.C. §626. This Court has jurisdiction over the pendant state law claims pursuant to 28 U.S.C. §1367.

## Factual Allegations

6.  Gonzales was hired by Weber on or about January 4, 2016 as the Director of Strategic Accounts.

7.  During his employment, Gonzales observed several personnel decision made by Weber management that were discriminatory based on the employees' age.

8.  Gonzales was told by Weber management that Weber was looking for younger employees.

9.  During several manager meetings, Weber management made statements that many of its employees were too old and needed to be terminated/put out to pasture because they were long-tooths (i.e. old).

10. Gonzales was instructed to terminate older members of his team by Weber management because of their age.

11. Gonzales protested and opposed Weber's illegal decision to fire other employees on the basis of their age and refused to carry out Weber's illegal plan to terminate older employees.

12. On March 8, 2016, Gonzales was terminated because he protested against and opposed Weber's decision to fire employees on the basis of their age.

## Count I
## Violations of the ADEA

13. Gonzales incorporates by reference paragraphs 1 through 12 as if fully set forth herein.

14. Pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §623(d), employees shall not be discriminated against or retaliated against on the basis of their age or for opposing or resisting unlawful age discrimination.

15. Mr. Gonzales has complied with all prerequisite conditions to filing this Complaint including by filing his claims with the Equal Employment Opportunity Commission and filing this Complaint within 90 days of receiving a Notice of Right to Sue from the EEOC.[1]

16. Mr. Gonzales was discriminated against and retaliated against on the basis of his age when he was instructed to terminate employees because they were too old and he refused. He was terminated as a result of his refusal to terminate older employees and because he opposed age discrimination in violation of the ADEA.

17. Weber's discrimination was willful in that it purposely targeted older workers and terminated them because they were not young.

18. Gonzales was damaged by Weber's conduct including by suffering lost wages, compensatory damages, prejudgment interest, liquidated damages, attorneys' fees and costs. Mr. Gonzales also seeks interest and punitive damages and any other relief available under the law.

---

[1] Plaintiff has requested a Notice of Right to Sue from the Illinois Department of Human Rights. Plaintiff intends to amend this Complaint to add the state law claims under the Illinois Human Rights Act once he has met the prerequisites to do so.

## Count II
## Retaliation in Violation of the Illinois Whistleblower Act

19. Mr. Gonzales incorporates by reference paragraphs 1 through **Error! Reference source not found.** as if fully set forth herein.

20. Pursuant to the Illinois Whistleblower Act, 740 ILCS § 174/20, employees shall not be retaliated against because he refuses to participate in an activity that would result in the violation of a state or federal law.

21. Gonzales refused to engage in age discrimination. Gonzales believed that engaging in age discrimination and terminating the members of his team simply because they were deemed "too old" would be a violation of the law.

22. Weber retaliated against Gonzales for refusing to engage in age discrimination and specifically by terminating him.

23. Gonzales was damaged by Weber's conduct including by suffering lost wages, compensatory damages, attorneys' fees and costs. Mr. Gonzales also seeks interest and punitive damages and any other relief available under the law.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL CLAIMS.

Dated: February 28, 2017  Respectfully Submitted,


By:/s/ David J. Fish _____
   One of Plaintiff's Attorneys

David Fish
Kimberly Hilton
John Kunze
The Fish Law Firm, P.C.
200 E. 5th Avenue, Suite 123
Naperville, IL 60565
(630) 355-7590
dfish@fishlawfirm.com
khilton@fishlawfirm.com
kunze@fishlawfirm.com